LEOPOLDO GARCÍA, demandante y apelado, *v.* THE PORTO RICO
RACING CORPORATION, demandada y apelante.

No. 4235.—*Visto:* Abril 18, 1927.    *Resuelto:* Abril 29, 1927.

1. APELACIÓN Y ERROR—DERECHO DE REVISIÓN—PERSONAS CON DERECHO A APELAR
—PARTES AGRAVIADAS POR LA SENTENCIA—EN GENERAL.—Una parte conde-
nada al pago de una cantidad de dinero que reclama el apelado, es parte
agraviada por la sentencia, aún cuando el dinero a pagar no sea de ella y
esté en su poder como resultado de unas apuestas.

2. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—CAUSAS O MOTIVOS
PARA DESESTIMAR—APELACIÓN FRÍVOLA.—Atendidas las admisiones del ape-
lante en su contestación—que el apelado apuntó a los siete caballos que
resultaron vencedores, que fué el único que acertó todas las carreras y que

del escrutinio de los cuadros resultó uno sólo acertando los caballos gana-
dores—, no habiendo base para impugnar en apelación la sentencia que mandó
a pagar el importe total del *pool* al apelado, *se resolvió* que la apelación
entablada era frívola.

MOCIÓN sobre desestimación de apelación, entablada ésta contra
sentencia de *Pablo Berga,* J. (San Juan) en pleito sobre cobro
de dinero y cumplimiento de contrato. *Con lugar la desestima-
ción.*

*A. Díaz Viera,* abogado de la apelante; *R. Cuevas Zequeira,* abogado
del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

Se nos pide la desestimación de esta apelación porque la
apelante no es parte agraviada por la sentencia recurrida y
porque su apelación es frívola.

La sentencia dictada en este pleito y por la cual fué con-
denada la apelante a pagar determinada cantidad de dinero
al apelado fué pronunciada sin celebración de juicio, por
los méritos de la demanda y de la contestación jurada por
las partes.

La demanda alega que el demandante hizo apuesta para
las carreras de caballos que el día 6 de marzo de 1927 celebró
la corporación demandada en el hipódromo Quintana: que
fué la única persona que acertó los caballos ganadores en
las siete carreras de ese día, a saber, en la primera carrera
el caballo Saturnina, en la segunda Frances Johnson, en la
tercera Pirata, en la cuarta Sherman, en la quinta Colombina,
en la sexta Rintintín y en la séptima Mrs. Sipi: y que la
demandada debe pagarle $12,118.78 por el *pool* de ese día y
se niega a pagárselos a pesar de haberla requerido con tal
fin. En la demanda se hacen otras alegaciones que no es
necesario mencionar ahora.

La demandada contestó aceptando la verdad de las alega-
ciones de la demanda y manifestando que los caballos vence-
dores en las carreras fueron los enumerados por el deman-
dante con excepción de la primera carrera en que si bien

llegó en primer término el caballo Saturnina esa carrera fué anulada para el *pool* por el jurado del hipódromo Quintana, resolución que posteriormente fué anulada por la Comisión Hípica Insular; que ignora si el demandante es la única persona que tiene derecho al pago de la cantidad reclamada: que otras personas que acertaron solamente seis caballos también lo han requerido para que les pagase el *pool* y que no se niega a pagar, pero que debido a las reclamaciones que se le han hecho por el demandante y por otras personas se ha abstenido de hacer el pago hasta que una corte decida a quién debe pagar, por la indecisión en que está con respecto a la persona a quien debe hacer el pago.

El apelante contestó la moción de desestimación diciendo que no tiene interés material y pecuniario en este caso y que ha establecido la apelación movida por el interés moral de que la sentencia dictada sea confirmada o revocada por este Tribunal Supremo según proceda.

[1] Si nos atuviéramos solamente a las precedentes manifestaciones hechas por el apelante tendríamos que desestimar la apelación por el primer motivo alegado por el apelado con tal fin, pero habiendo sido condenado el apelante a pagar la cantidad que le fué reclamada por el apelado no podemos declarar que no tenga interés en la apelación contra esa sentencia, tanto más cuanto que en vista de las alegaciones entendemos su manifestación de falta de interés pecuniario en el sentido de que el dinero que se le manda a pagar no es suyo sino que lo tiene en su poder como resultado de las apuestas de ese día, pero para pagarlo a quien legítimamente tenga derecho a él y quedar así libre de otras reclamaciones, si no pagare debidamente, teniendo así interés en la apelación contra la sentencia a fin de que quede resuelto si el demandante es el que tiene derecho a esa cantidad, como ha sido declarado por la sentencia, por lo que no debemos desestimar su apelación por el primer motivo que se solicita.

[2] A pesar de lo expuesto debemos desestimarla por ser

frívola la apelación, en vista de las admisiones hechas por el apelante en su contestación a la demanda. En efecto, el apelante aceptó expresamente en su contestación que el demandante apostó a los siete caballos que resultaron vencedores en las carreras expresadas, y aunque agregó que la primera carrera en que llegó en primer término el caballo Saturnina fué anulada para el *pool* por el jurado del hipódromo, dice también que esa resolución fué anulada por la Comisión Hípica Insular, quedando así destruída su afirmación de que fuese nula para el *pool* y en pie su admisión de que el demandante apostó a los siete caballos vencedores en las carreras.

La contestación del apelante a la alegación del apelado de que a él corresponden los $12,118.78 del *pool* por ser la única persona que acertó las siete carreras, diciendo que ignora si en realidad el demandante es la única persona que tiene derecho al pago de dicha suma, no niega específicamente la afirmación del demandante de ser la única persona que acertó todas las carreras por lo que admite dicha alegación.

En resumen, en la forma que ha sido contestada la demanda es frívola esta apelación interpuesta contra la sentencia que condena al apelante a pagar el importe del *pool* al apelado, porque habiendo aceptado el apelante que el apelado apostó a los siete caballos vencedores en las carreras, no habiendo negado que él sea el único que acertó las siete carreras, ni que en el escrutinio que se verificó de los cuadros depositados en la urna del hipódromo resultó uno solo acertando los siete caballos vencedores, cuyo cuadro corresponde con el triplicado que tiene el apelado, no tiene base para impugnar la sentencia que manda pagarle el importe del *pool*, sin que la alegación de que otras personas han reclamado que se les pague por haber acertado seis de las carreras pueda ser obstáculo a la acción del apelado, que según admitió el apelante fué la única persona que acertó las siete carreras.

La apelación debe ser desestimada por frívola.