JUAN MANZANARES, P. FERRAO, A. MORILLO, M. A. GUZMÁN, M. MONCLOVA, D. MESTRE, E. ALMODÓVAR, J. PIZÁ, J. M. QUIGLEY, J. C. FERRER y BALTHASAR HALVORSEN, demandantes y apelantes, *v.* PORTO RICO RACING CORPORATION, demandada y apelada.

No. 4369.—*Visto:* Mayo 24, 1928. *Resuelto:* Noviembre 16, 1928.

*Guerra Mondragón & Soldevila,* abogados de los apelantes; *A. Díaz Viera* y *M. A. Martínez Dávila,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

En este caso la demanda enmendada, sobre la que se siguió el procedimiento alega que para el 6 de marzo de 1927 se anunciaron para tener efecto en el hipódromo "Quintana Racing Park," que explota la demandada, siete carreras de caballos; y que en esas carreras podía jugarse o apostarse en la forma llamada *pool,* o sea estableciendo combinaciones, en las que las que contuvieran los nombres de los caballos que ganaran las siete carreras, ganarían el dinero apostado en y por las combinaciones en que no se acertara con esos siete nombres; que los demandantes compraron o hicieron sellar, las papeletas o cuadros en que fijaron su apuesta por los siguientes caballos: En la primera carrera, un caballo que no se nombra; Segunda carrera, Frances Johnson; Tercera carrera, Pirata; Cuarta carrera, Sherman; Quinta carrera, Colombina; Sexta carrera, Rin Tin Tin; y Séptima carrera, Mrs. Sipi; que la primera carrera fué anulada por el Jurado, único organismo que determina y resuelve el orden de llegada de los caballos, de acuerdo con la ley y el reglamento; que en cuanto a esa carrera el Jurado no determinó qué caballo llegó primero a la meta, o fué el vencedor, ni anunció al público qué caballo ganó la carrera, sino que anuló ésta, y anunció su decisión, lo que es obligatorio para la corporación demandada; que en las seis carreras restantes ganaron los caballos a que apostaban los demandantes, y así se decidió y anunció por el Jurado; que la cantidad líquida producto del *pool* era de $12,118.78; que a más de los demandantes, hubo otras ocho personas que acertaron los caballos vencedores; que los demandantes por su información y creencia, alegan que fuera de ellos y esas ocho personas, nadie acertó los seis caballos vencedores; y que la demandada no ha

pagado a los demandantes su participación en la apuesta general, a pesar de sus requerimientos. La demanda se halla jurada.

A esa demanda se opuso por la demandada la excepción previa de falta de hechos para determinar causa de acción.

La corte resolvió declarando con lugar la excepción, y considerando que la demanda no es susceptible de enmienda, dictó sentencia declarándola sin lugar.

En la resolución de la corte se cita, como fundamento la decisión de este tribunal en el caso *Leopoldo García* v. *The Porto Rico Racing Corporation,* 36 D.P.R. 679, decidido en fecha 29 de abril de 1927, y en el que se desestimó una apelación contra sentencia de la Corte de Distrito de San Juan condenando a la demandada a pagar al demandante el importe del *pool* o apuesta de las carreras de caballos que se efectuaron el 6 de marzo de 1927 en el hipódromo Quintana, siendo los caballos ganadores, en las siete carreras respectivamente, Saturnina, Frances Johnson, Pirata, Sherman, Colombina, Rin Tin Tin y Mrs. Sipi. La desestimación de la apelación por frívola fué la decisión de este tribunal.

En esencia los señalamientos de error acusan que la corte inferior se equivocó al resolver la excepción previa, al tomar por norma la decisión antes citada y al estimar que era necesario para los demandantes alegar que nadie había acertado las siete carreras.

Para ganar la apuesta que se conoce con el nombre de *pool,* es preciso acertar el mayor número de caballos vencedores en las carreras efectivamente celebradas; y aquí se ha alegado que, de las siete carreras anunciadas, seis fueron celebradas, anulándose la otra en forma legal y por autoridad propia; y que los demandantes tenían su apuesta hecha en favor de los seis caballos que ganaron tales carreras. La alegación es suficiente y buena en derecho.

En cuanto al requerimiento para el pago, se ha alegado en la demanda que la demandada no ha satisfecho a los de-

mandantes la suma a que éstos tenían derecho, a pesar de las gestiones que para ello han practicado.

*Debe revocarse, y se revoca, la sentencia apelada, devolviéndose el caso para ulteriores procedimientos no incompatibles con esta opinión.*